UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRUCE DWAIN COPELAND, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:25-CV-1683 |
| § | |
| CRISTOBAL M. GALINDO, *et al.*, § | |
| § | |
| Defendants. § | |

## **FINAL JUDGMENT**

This is a fee dispute between an expert witness and a law firm. The Court will **DISMISS** the case **WITHOUT PREJUDICE** for want of prosecution.

The *pro se* plaintiff, Bruce Dwain Copeland ("Copeland"), provided the Court with the following mailing address: 9016 Nelson Street, New Orleans, LA 70118. Five documents sent by the Court to that address have been returned marked "Return to Sender . . . Unable to Forward." (Dkt. 19; Dkt. 20; Dkt. 22; Dkt. 29; Dkt. 31). The last two documents were marked "Return to Sender/Vacant/Unable to Forward," seemingly indicating that no one lives at the address provided by Copeland. (Dkt. 29; Dkt. 31).

As Southern District of Texas Local Rule 83.4 states, "[n]otices will be sent only to the address on file." Southern District of Texas Local Rule 83.4. To facilitate the receipt of case-related notices, a "*pro se* litigant is responsible for keeping the clerk advised in writing of the current address." *Id.* Failure to comply with Local Rule 83.4 can result in dismissal of a case for want of prosecution under Federal Rule of Civil Procedure 41(b). *See, e.g., Whatley v. Harris County Jail*, No. 4:23-CV-1410, 2023 WL 8719478, at *1 (S.D. Tex.

Dec. 18, 2023); *Mendoza-Soto v. Davis*, No. 7:17-CV-305, 2020 WL 2561785, at *2 (S.D. Tex. May 5, 2020), *adopted*, 2020 WL 2563536 (S.D. Tex. May 20, 2020); *Williams v. Thompson*, Southern District of Texas case number 4:07-CV-619, at docket entries 5 and 6; *Frazier v. Office of Violent Sex Offender Management*, Southern District of Texas case number 4:14-CV-716, at docket entries 12 and 13; *Henderson v. Texas Department of Criminal Justice*, Southern District of Texas case number 4:05-CV-3006, at docket entry 40.

Copeland has failed to provide the Court with an accurate, current mailing address. Accordingly, under the inherent powers necessarily vested in a federal district court to manage its own affairs so as to achieve the orderly and expeditious disposition of cases, the Court will dismiss this action for want of prosecution. *See* Fed. R. Civ. P. 41(b); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). This case is **DISMISSED WITHOUT PREJUDICE**. All pending motions are **DENIED AS MOOT**.

**THIS IS A FINAL JUDGMENT**. Upon a proper showing, relief from this order may be granted in accordance with Federal Rule of Civil Procedure 60(b). *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 635 (1962).

SIGNED at Houston, Texas on March 10, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE